IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALTER TRADING CORPORATION**                                      **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:18-cv-47-KS-MTP**

**DAVID SHEMPER and**
**HCS TRADING, LLC**                                             **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Defendants' Motion to Allow Additional Discovery [82] and Supplemental Motion to Allow Additional Discovery [86]. Having considered the parties' submissions, the Court finds that these Motions [82] [86] should be granted in part and denied in part.

On March 27, 2018, Plaintiff Alter Trading Corporation filed this action seeking to have the Court enforce a non-competition agreement against Defendants David Shemper ("Shemper") and HCS Trading, LLC ("HCS"). According to Plaintiff, it purchased Ben Shemper & Sons, a metal recycling business, in 2007 and retained Shemper as an employee after he signed a non-competition agreement. Shemper is no longer employed by Plaintiff, and Plaintiff alleges that Shemper and HCS—a company formed by Shemper—are competing in violation of the non-competition agreement.

On July 25, 2018, the Court entered a Case Management Order [51], which, *inter alia*, set limits on the parties' discovery requests and set a discovery deadline of November 26, 2018. On November 2, 2018, Defendants filed their Motion to Allow Additional Discovery [82]. Defendants assert that Plaintiff "is in the process of entering into a transaction with SA Recycling through which it will either sell, lease, transfer or otherwise significantly alter its

1

interest in and ownership and operation of the Hattiesburg and Mobile yards of Alter that are at the center of this controversy."

Defendants seek leave to serve four additional requests for production of documents upon Plaintiff.[1] Defendants also request that the Court order Plaintiff to respond to the request within five days of service. In their Supplemental Motion [86], Defendants state that Plaintiff has publicly announced the sale of its Hattiesburg and Mobile scrap yards to SA Recycling, LLC. Defendants argue that Plaintiff "has no legitimate business interest to protect by enforcing any post-employment restrictions on David Shemper and/or HCS Trading, LLC."

On November 13, 2015, Plaintiff served upon Defendants supplemental pre-discovery disclosures. *See* Notice [87]. The same day, Plaintiff filed its Response [88] to the instant Motions [82] [86]. Plaintiff states that, with its supplemental disclosures, it provided Defendants

---

[1] Defendants' proposed requests for production of documents include the following:

**Request No. 1**: Produce all contracts, purchase agreements, leases, operation agreements and all other documents related to the transaction between Alter Trading and SA Recycling, LLC related to the Hattiesburg and Mobile yards of Alter. This should include any representations, warranties and related undertakings.

**Request No. 2**: Produce all documents Alter provided to SA Recycling in advance of the transaction referenced in Request No. 1 showing Alter's purchases and sales of scrap from the Mobile and Hattiesburg yards including all brokered scrap by those yards and any other records of the financial performance of the Mobile and Hattiesburg yards provided to SA Recycling, LLC.

**Request No. 3**: Produce any and all records relating to any assignment of any of Alter's rights claimed under any employment agreement related to David Shemper as part of any transaction between Alter and SA Recycling, LLC, as to the Mobile and Hattiesburg yards of Alter.

**Request No. 4**: Produce any and all executed letters of intent, agreement and any other executed documents regarding any transaction between Alter and SA Recycling, LLC for or concerning the Hattiesburg and Mobile yards.

2

the Exclusive Brokerage Agreement between it and SA Recycling and the Memorandums of Lease and Option between it and SA Recycling.[2]

According to Plaintiff, it retains an ownership interest in the scrap yards at issue and retains a protected interest in the non-competition agreement. Plaintiff argues that Defendants' Motions [82] [86] should be denied because the proposed discovery requests are overbroad and because Plaintiff has provided information concerning its continuing interest in the non-competition agreement.

On November 14, 2018, Defendants filed their Reply [91]. Defendants acknowledge that Plaintiff produced certain information but note that Plaintiff produced memorandums regarding the leases but not the actual leases and did not produce the "purchase agreement" referenced in the Exclusive Brokerage Agreement. Defendants argue that these documents may demonstrate that Plaintiff no longer has any ongoing operations at the subject scrap yards and, thus, has no continuing interest in the non-competition agreement.

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). The Case Management Order can be modified by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the records. *See* [51] at 1.

The Court finds that Defendants are entitled to information concerning Plaintiff's ongoing interest in enforcing the non-competition agreement against Defendants. Plaintiff, however, has produced certain relevant information in its supplemental pre-discovery disclosures. Additionally, Defendants have not shown good cause to allow them leave to serve

---

[2] Plaintiff provided these documents to the chambers of the undersigned via email.

their proposed requests for production. Defendants' requests are broad and seek more information than is necessary to determine whether Plaintiff has a continuing interest in the non-competition agreement. The Court, however, finds good cause to allow a request for production, which is narrowly tailored to seek information concerning Plaintiff's continuing interest in the subject non-competition agreement.

Accordingly, on or before November 26, 2018, Plaintiff shall produce to Defendants (1) all contracts—including purchase agreements, leases, and operation agreements—relating to the transaction between Plaintiff and SA Recycling, LLC concerning the Hattiesburg and Mobile scrap yards and (2) any documents relating to any assignment of Plaintiff's rights under any employment agreement with David Shemper as part of any transaction between Plaintiff and SA Recycling, LLC.[3]

IT IS, THEREFORE, ORDERED that Defendants' Motion to Allow Additional Discovery [82] and Supplemental Motion to Allow Additional Discovery [86] are GRANTED in part and DENIED in part as set forth herein. The documents at issue shall be produced on or before November 26, 2018.

SO ORDERED this the 19th day of November, 2018.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE

---

[3] As it did with its supplemental pre-discovery disclosures, Plaintiff may redact sensitive, irrelevant information, such as fee amounts and required insurance coverage amounts.