IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALTER TRADING CORPORATION**                                           **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 2:18-cv-47-KS-MTP**

**DAVID SHEMPER and**
**HCS TRADING, LLC**                                                 **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Provisionally File Under Seal [102], Motion to Expedite [103], and Motion for Leave to File Under Seal [109]. Having considered the Motions and the applicable law, the Court finds that the Motion for Leave to File Under Seal [109] should be denied without prejudice and that the Motion to Provisionally File Under Seal [102] and Motion to Expedite [103] should be denied as moot.

On November 16, 2018, Plaintiff filed its Motion to Provisionally File Under Seal [102], requesting that the Court grant it provisional leave to file certain documents—identified as ALTER 000254 to ALTER 000258—under seal and allow it until November 30, 2018, to file a motion demonstrating that the documents should remain under seal. That same day, Plaintiff filed a Motion [103], requesting that the Court expedite consideration of the Motion to Provisionally File Under Seal [102].

On November 19, 2018, prior to any ruling on Motions [102] [103], Plaintiff filed its Motion for Leave to File Under Seal [109], arguing that the above-referenced documents should be filed under seal and remain under seal. According to Plaintiff, it wishes to use the documents to support or oppose pending motions, including its response to Defendant's Supplemental Motion for Summary Judgment [85].

1

"Courts have recognized that the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right of public access serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Id.* at 849. The right of public access, however, is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Thus, courts must balance the public's right to access against the factors favoring secrecy. *Van Waeyenberghe*, 990 F.2d at 848. Pursuant to Local Rule 79, "[e]xcept as otherwise provided by statute, rule, . . . or order, all pleadings and other materials filed with the court ('court records') become a part of the public record of the court[, and] [a]ny order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U. Civ. R. 79 (a)-(b). The party seeking to seal court documents bears the burden of establishing that the public's right to access is overcome by the need for secrecy.

  Plaintiff argues that the documents reflect proprietary business operations and form the basis of an internal investigation into improperly diverted scrap metal loads. Plaintiff's general arguments, however, fail to demonstrate that the subject documents should be placed under seal. The documents include bills of lading, tickets, and an invoice concerning scrap metal transactions which occurred on October 30, 2017. These appear to be form documents memorializing typical transactions. The documents do not include internal investigation findings, and Plaintiff does not refer to specific information which is sensitive or proprietary.

Simply because the documents were discovered during an internal investigation does not rendered them sensitive or proprietary. Absent a particularized showing that these documents should be sealed, the Court will deny Plaintiff's Motion [109].

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Leave to File Under Seal [109] is DENIED without prejudice.

2. Plaintiff's Motion to Provisionally File Under Seal [102] is DENIED as moot.

3. Plaintiff's Motion to Expedite [103] is DENIED as moot.

SO ORDERED this the 20th day of November, 2018.

s/Michael T. Parker<br>UNITED STATES MAGISTRATE JUDGE